UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

LUIS A. RAMOS,

      Plaintiff,                                 15-CV-6600-FPG

      v.                                        DECISION AND ORDER

PAUL CHAPPIUS, JR., et al.,

      Defendants.

───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Luis A. Ramos, a former a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his civil rights. ECF No. 1. Plaintiff alleges that Defendant Taylor violated his due process rights at a disciplinary hearing ("First Hearing"), which Defendant Chappius approved but later reviewed and reversed. Plaintiff also alleges that Defendant Tanea violated his due process rights at a later disciplinary hearing ("Second Hearing"), which Defendant Wenderlich reviewed and then reduced Plaintiff's sentence of one year in the Special Housing Unit ("SHU") to nine months. *Id*. at 8-17.

Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 14. Plaintiff did not respond.[1] For the reasons that follow, Defendants' motion is GRANTED IN PART and DENIED IN PART.

---

[1] By Order of this Court, Plaintiff had until November 6, 2017 to file papers in opposition to the motion and was advised that if he "fails to respond, the Court will decide the motion based on the Complaint and the Motion to Dismiss." ECF No. 16.

**DISCUSSION**

I.  **Legal Standard**

A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court deciding a Rule 12(b)(6) motion "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The determination regarding "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Although the court assumes that the plaintiff's factual allegations are true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl. Corp.*, 550 U.S. at 570.

The Second Circuit has recognized that "this plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing *e.g.*, *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. 2008) and *Boykin v. KeyCorp*, 521 F.3d 202, 215-16 (2d Cir. 2008)). However, the Court remains mindful that a

"document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nonetheless, all pleadings—*pro se* or otherwise—must contain enough factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (internal quotation marks omitted); *see also Crenshaw v. Hartman*, 681 F. Supp. 2d 412, 414 (W.D.N.Y. 2010).

## II. Official Capacity Claims

Defendants move to dismiss the entire Complaint or alternatively to dismiss all claims against Defendants Taylor, Chappius, and Wenderlich, and the official capacity claims against Defendant Tanea. ECF No. 14 at 1.[2]

The Eleventh Amendment bars Plaintiff's claims against all Defendants in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) (noting that state officers acting in their official capacities are not "persons" under Section 1983 because they assume the identity of the government that employs them). Thus, Plaintiff may sue Defendants in their official capacities only if they consent to be sued. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 140-141 (1984). Since none have consented, the Eleventh Amendment bars Plaintiff's suit against Defendants in their official capacities, and all official capacity claims are hereby DISMISSED.

---

[2] Defendants also move to dismiss for Plaintiff's failure to comply with Local Rule 5.2(d), which requires that he provide the Court with a current address. ECF No. 14-1 at 4. However, Plaintiff filed a Notice of Change of Address shortly after Defendants filed their motion, and thus he complied with this requirement. ECF No. 15.

### III. Defendants Taylor and Chappius

Defendants move to dismiss all claims against Taylor and Chappius arising from the First Hearing. They argue that the administrative reversal nullified that hearing and made it irrelevant to the harms Plaintiff allegedly suffered. ECF No. 14-1 at 6.

Taylor conducted the First Hearing, and Plaintiff asserts that Chappius knew of and failed to correct the wrongs allegedly committed at this proceeding. ECF No. 1 at 5. This hearing was reversed and the Second Hearing was held on the same allegations. Defendant Tanea conducted the Second Hearing, which resulted in a one-year SHU confinement that was later reduced to nine months. ECF No. 1-1 at 67. Taylor and Chappius argue that the Second Hearing nullified the First Hearing and therefore the claims against them must be dismissed. The Court agrees.

Although Plaintiff asserts that Defendants violated his rights at the First Hearing, that hearing became null as a result of the Second Hearing. *See Horne v. Coughlin*, 155 F.3d 26, 31 (2d Cir. 1998) ("We need not discuss [the plaintiff]'s contention that his rights were violated at the first hearing, because it became a nullity. All findings and penalties imposed at the first hearing were vacated, and all the penalties [the plaintiff] suffered were imposed at the second hearing."). Because Plaintiff's SHU confinement was credited to the penalty imposed at the Second Hearing, his confinement "was entirely attributable to the ruling following the second hearing." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). "Accordingly, the result of the first hearing did not deprive [plaintiff] of due process." *Id*. at 164. Therefore, Defendants' motion to dismiss as to Taylor and Chappius is GRANTED.

### IV. Defendant Wenderlich

Wenderlich moves to dismiss all claims against him. ECF No. 14-1 at 7. Although Plaintiff's appeal to Wenderlich included his due process claims (*see* ECF 1-1 at 53-62),

4

Wenderlich argues that Plaintiff failed to show his personal involvement in the alleged wrong or alternatively argues that he is entitled to qualified immunity. ECF No. 14-1 at 7.

Defendants also argue that *Ashcroft v. Iqbal* (556 U.S. 662 (2009)) nullified all but the first and third *Colon* categories. *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995). However,

> the Second Circuit recently reaffirmed that "[a] plaintiff may establish such personal involvement by making any one of five showings (the 'Colon factors')," including by showing that "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong." *Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) [*cert denied sub nom. Brooks v Pataki*, 137 S.Ct. 380 (2016)]. This remains the law in this Circuit, absent a Circuit decision otherwise. Therefore, when Plaintiff swore that Defendant was informed of the constitutional deficiency but failed to correct it, this was sufficient to create a triable issue as to [Defendant]'s personal involvement.

*Tolliver v Skinner*, 12 CIV. 971 (DAB), 2017 WL 1017649, at *4 (S.D.N.Y. Mar. 13, 2017), *reconsideration denied in part*, 12 CIV. 971 (DAB), 2017 WL 3482074 (S.D.N.Y. Aug. 10, 2017).[3] Therefore, the Court will assume, *arguendo*, that Plaintiff may establish personal liability through any of the five *Colon* categories.[4]

However, accepting as true that Wenderlich was aware of the alleged wrongs, he did not fail to correct them because he had no opportunity to do so. *See* 7 N.Y.C.R.R. §§ 252.7, 253.9, 254.9; *Barnes v. Henderson*, 628 F. Supp. 2d 407, 413 (W.D.N.Y. 2009) ("It does not appear that [the Superintendent] even had the authority to overturn [plaintiff]'s findings of guilt, but that at most, he could have reduced the penalty imposed on plaintiff."). Another individual handled

---

[3] In discussing a jury charge limited to the third *Colon* factor, the Court noted that "there is no evidence in the record before us sufficient to establish that the plaintiffs could have demonstrated any of the other four *Colon* factors." *Warren*, 823 F.3d at 139.

[4] "The majority of district courts, however, have held that all five *Colon* factors survive where the constitutional violation at issue does not require a showing of discriminatory intent. Indeed, courts within this Circuit have continued to apply the *Colon* factors post-*Iqbal*." *Carpenter v. Apple*, 915CV1269GTSCFH, 2017 WL 3887908, at *9 (N.D.N.Y. Sept. 5, 2017).

Plaintiff's administrative appeal, which reversed the Second Hearing. Therefore, the all claims against Wenderlich are DISMISSED.

**V.      Defendant Tanea**

Defendants request that the Court dismiss Plaintiff's Complaint in its entirety, but they do not specifically argue for the dismissal of the individual capacity claims against Tanea, who conducted the Second Hearing. Therefore, the motion to dismiss as to Tanea is DENIED and Plaintiff's due process claim against him may move forward.

## **CONCLUSION**

Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's official capacity claims and all claims against Defendants Taylor, Chappius, and Wenderlich are dismissed. The Clerk of the Court is directed to terminate Defendants Taylor, Chappius, and Wenderlich as parties to this action.

The sole remaining cause of action in this case is Plaintiff's due process claim against Defendant Tanea.

IT IS SO ORDERED.

Dated: January 19, 2018
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court